Pearson, J.
 

 There is a numerous class of cases in which a party is allowed an election, to treat an act as a wrong, and sue in “ tort,” or to adopt it as having been done by, or for him, through an agent, and sue in “ contract.” But in such cases, it is well settled, that after taking benefit under the act, putting it on the footing of a contract adopted by him, he is not at liberty afterwards to shift his ground and sue for the original act as a tort; because he has elected to waive the “tort.” This is so consonant to the plain principles of justice as not to need an authority to support it; many are cited in the argument, we will refer to but one,
 
 Wilson
 
 v. Poulter, 2 Strange 859. It was for “trover,” “for ready money.”— The wife of a bankrupt brought to the defendant 3000 in money; at her request he bought with it thirty India and and South Sea bonds, and delivered them to the bankrupt’s wife. The plaintiff, who was the assignee, succeeded in seizing twenty-two of the bonds, and brought this action for the money with which the other eight bonds had been purchased. “The court, without hearing any argument for the other side, were all very clear in opinion that the seizing part of the bonds was an affirmance of the defendant’s act in laying out the money, and that the plaintiff could not avow the act as to part and disavow it for the rest.”
 

 In our case, as the guardian had no authority to sell the timber, the plaintiffs could have sued the defendant for the
 
 *337
 
 tort ia the first instance; but after they had taken benefit under the act of their guardian, and received from him a part of the price, as upon a contract which he had made for them, they were not at liberty to “ disavow it for the rest,” and treat the entry of the defendant as a trespass. There is error.
 

 Pee CueiaM, Judgment reversed and a
 
 venire de
 
 novo.